IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID BURNSIDE | * | |
| Petitioner | * | |
| v | * | Civil Action No.  RDB-15-20 |
| | | (Related Crim. Case: RDB-05-586) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Respondent's Response to the above-captioned Motion to Vacate (ECF 23). Respondent seeks dismissal of the Motion as untimely.  Petitioner has filed a Reply seeking an evidentiary hearing on the merits of the claims asserted (ECF 24).  For the reasons stated below, the Motion to Vacate shall be denied as untimely.

Petitioner pled guilty after waiving indictment on February 2, 2006, to one-count of interference with commerce by robbery in violation of 18 U.S.C. §1951.  ECF 12.  On March 16, 2006, he was sentenced to serve 188 months imprisonment pursuant to a plea agreement. Petitioner did not appeal his conviction or sentence, thus the conviction was final on March 31, 2006, the date his right to appeal expired.   The instant Motion to Vacate was filed on January 5, 2015.  ECF 21.  The limitations period for filing a Motion to Vacate expired March 30, 2007, one year after Petitioner's conviction became final. *See* 28 U.S.C. §2255(f)(1).

As previously explained by this Court, to be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his Motion to Vacate, or that circumstances beyond his control caused the delay.  *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000).  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period

against the party and gross injustice would result." *Id*. Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation omitted).

Petitioner asserts that a 2255 motion may be filed at any time, but may be barred as untimely if the government has been prejudiced in its ability to respond to the motion due to the delay. ECF 24 at p. 2. The relevant statutory language provides that the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Petitioner's assertion that the government must establish it is prejudiced by the delay in filing a motion is erroneous and relies on outdated case law that simply has no applicability to the issue sub judice. ECF 24 at p. 2.

Petitioner appears to assert he may be entitled to file the instant motion under the provision allowing for a Motion to Vacate to be filed within one year of the date which the right asserted was initially recognized by the Supreme Court if that right has been newly recognized by the Supreme Court and made retroactively applicable. *Id*. at p. 3. The claims asserted in the

Motion to Vacate, however, do not rely on a Supreme Court precedent recognizing a new right. Rather, Petitioner claims that there was a lack of federal jurisdiction in his case because there was no charge in the indictment that commerce was effected; that the indictment was fatally flawed because it did not set out the elements of the crime with precision; and that trial counsel was ineffective for failing to investigate the jurisdictional issues.  ECF 21.  None of the asserted claims falls within the exceptions noted; thus, the Motion to Vacate is untimely.

Petitioner has failed to establish factors warranting equitable tolling of the statute of limitations.  To the extent Petitioner was not aware of his right to file a motion to vacate or was operating under the misconception that no filing deadline applied to his Motion to Vacate, his mistaken beliefs are not circumstances beyond his control.  *See United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (ignorance of the law even for pro se litigant is insufficient).

Having concluded that the Motion to Vacate was filed beyond the statute of limitations, the Court will deny the motion as untimely in a separate Order which follows.  When dismissal of a Motion to Vacate is based solely on procedural grounds, a Certificate of Appealability will not issue unless Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  Petitioner has failed to demonstrate these factors; therefore, a Certificate of Appealability shall not issue.

<u>May 1, 2015</u>     _____/s/_____
Date                                        RICHARD D. BENNETT
                                        UNITED STATES DISTRICT JUDGE